

# NUMBER 13-22-00253-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF J.R., C.M.R.C., AND D.C., MINOR CHILDREN

### On appeal from the 430th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant K.R. appeals from the trial court's termination of her parental rights to J.R., C.M.R., and D.C., minor children.[1] Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Porter v. Tex. Dep't of Protective & Regul. Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.) ("[W]hen

---

[1] The underlying proceedings also concerned the parental rights to D.C., a minor child. However, D.C. died after the termination proceedings commenced. Appellant is serving a sentence of confinement due to committing the offense of injury to a child against D.C.

appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). We affirm the trial court's judgment.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of her rights to file a pro se responses, to review the record prior to filing those responses,

2

and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. In this case, appellant filed neither a timely motion seeking pro se access to the appellate record nor a motion for extension of time to do so. Appellant did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

## III.    WITHDRAWAL OF COUNSEL

When an *Anders* brief is filed in a parental termination appeal, the appellant's right to appointed counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). Counsel is permitted to withdraw only for good cause, and counsel's belief that the client has no grounds to seek further review

3

from the court of appeals' decision. *Id.* Here, appellant's appellate counsel has not filed a motion to withdraw and recognizes that we may order him to continue to represent appellant in the Texas Supreme Court if she so wishes to continue with her appeal.[2]

## IV.   CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
6th day of October, 2022.

---

[2] The Texas Supreme Court has noted that, in cases such as this, "appointed counsel's obligations [in the supreme court] can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016).